**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STEPHAN P. EVANCHIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-cv-0795-MJR |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Stephan P. Evanchik seeks judicial review of a final decision of the Commissioner of Social Security denying his April, 2000 applications for disability benefits and supplemental security income. These applications were rejected at the various levels of administrative review. Following an evidentiary hearing, an Administrative Law Judge (ALJ) denied the applications after deciding that Evanchik was not disabled. That decision became final when the Appeals Council declined to review the ALJ's findings.

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3). To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. **42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).**

The Social Security regulations provide a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. **20 C.F.R. §§ 404.1520, 416.920.** The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* **227 F.3d 863, 868 (7th Cir. 2000).** If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id.*

At the time the ALJ made a decision, Evanchik was 52 years old. He had a high school education supplemented by two years of college-level courses. He also completed an apprenticeship in carpentry and received military training as a demolition specialist. He has work experience as a carpenter, foreman, and superintendent.

The ALJ evaluated Evanchik's applications through Step 5 of the sequential analysis. In proceeding past Step 2, the ALJ identified a number of severe mental and physical impairments: alcohol abuse, hepatitis C, arthritis, post-traumatic stress disorder, and a history of polysubstance abuse. The ALJ decided that two of Evanchik's physical impairments were not severe: a knee fracture and glaucoma. At Step 3, the ALJ decided that Evanchik's impairments did not meet or equal one of the impairments listed in the Social Security regulations.

At Step 4, the ALJ determined that Evanchik retained the physical ability to lift and carry 10 pounds frequently and 20 pounds occasionally, walk and/or stand for six out of eight hours, sit two out of eight hours, and occasionally stoop, kneel, and crawl. The ALJ rated the degree of limitation in Evanchik's mental functioning, finding that Evanchik was moderately restricted in his

activities of daily living and had mild difficulties maintaining social functioning and maintaining concentration, persistence, or pace. The ALJ found that Evanchik experienced no episodes of decompensation. The ALJ determined that Evanchik retained the mental ability to perform simple 1 to 3 step work processes.

At Step 5, the ALJ found that Evanchik could not return to any of his past jobs but was not disabled because he could perform a significant number of other jobs in the national economy, including assembly worker, cleaner, production inspector, and quality control jobs.

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. **42 U.S.C. § 405(g).** Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ***Richardson v. Perales*, 402 U.S. 389, 401 (1971);  *Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2003).** Because the Commissioner is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Id.* However, the Court does not defer to conclusions of law. If the Commissioner makes an error of law or serious mistakes, reversal is required, unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. ***Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).**

### A.     The ALJ's Evaluation of Knee Impairment

Evanchik argues that the ALJ's assessment of the duration of his knee impairment is not supported by substantial evidence. Defendant maintains that this aspect of the ALJ's decision is adequately supported by evidence showing that limitations from Evanchik's left patella fracture did not meet the 12-month duration requirement.

After taking a spill on December 30, 2000, Evanchik suffered a closed, displaced fracture of the left patella. He was hospitalized and underwent surgery for an open reduction and internal fixation with pins, tension wire, and a screw (R. 272-73). He was discharged with pain medication and started his recovery with a physical therapy program. He progressed from relying on a knee immobilizing brace and a tall walker to use of a bandage and a cane (R. 293-306).

On May 17, 2001, Evanchik was using a bandage on his left knee. A clinical examination showed that the knee was stable with mild effusion. There was no change in configuration of the hardware or fracture, no crepitation, and no pain with compression. The motion in Evanchik's knee ranged from 15 to 90 degrees, which was considered reasonable. Evanchik was advised to schedule additional surgery in the next two months to have the hardware removed (R. 390-91).

On July 5, 2001, Evanchik described pain in both of his knees. An examination revealed no swelling, deformity, or restriction in the range of motion (R. 356-57). On July 23, 2001, after the fracture healed, Evanchik underwent surgery to remove the hardware from his knee. His doctor thought he was disabled for the time being, hoping that he would regain strength and the ability to walk without an assistive device (R. 329, 348).

On August 6, 2001, Evanchik complained of knee pain. He was using a bandage and a walker. His surgical incision was healing well, and his knee motion ranged from 5 to 90 degrees (R. 417-18). On August 21, 20001, Evanchik testified at a hearing and described knee pain and limitations (R. 54-55).[1]

---

[1] Evanchik relies, in part, on information gleaned from records that were sent to the Appeals Council (Doc. No. 12, p. 6). Because the Appeals Council did not review the ALJ's decision, this Court will not consider evidence which was not presented to and considered by the ALJ. **42 U.S.C. § 405(g);** *Eads v. Sec. of Dep't of Health & Human Servs.*, **983 F.2d 815, 817 (7th Cir.1993).**

At Step Two of the sequential analysis, the ALJ characterized Evanchik's left knee fracture as a "non-severe" impairment, finding that it was not expected to last for a continuous 12-month period (R. 17). The ALJ also determined that Evanchik's knee fracture "healed sufficiently by December 1, 2001 to allow him to again be capable of performing light exertional activities" (R. 21).

Evanchik had the burden of showing that he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . *has lasted or can be expected to last for a continuous period not less than 12 months.*" **42 U.S.C. § 423(d)(1)(A)(emphasis added).** In support of his position, Evanchik points to records generated on September 20, 2001 (Doc. No. 12, p. 6). Those records do not prove that Evanchik's knee fracture persisted or was expected to persist beyond December 30, 2001 (R. 430-434).

The ALJ rationally gave weight to credible evidence that Evanchik's knee fracture healed, that hardware was removed, and that function of the knee was restored or expected to be restored within a 12-month period. Substantial evidence supports the ALJ's assessment of the duration of Evanchik's knee impairment.

### B.     The ALJ's Development of a Full and Fair Record

Evanchik also argues that the ALJ failed to develop the administrative record regarding two of his impairments: post traumatic stress disorder and hepatitis C. Defendant argues that the ALJ considered evidence regarding these impairments and reasonably determined that Evanchik retained the ability to perform a range of light work, limited to simple one to three step processes. In support of his argument, Evanchik quotes from the ALJ's decision, refers to some of his testimony, and cites to a few pages in the administrative record. He does not mention or discuss the legal standard for development of an administrative record.

The parties were directed to file briefs that contain a discussion of the relevant law

and a discussion of the important facts, with appropriate citation to the administrative record (Doc. No. 6). Evanchik did not present his argument in accordance with this legitimate requirement. His argument is not adequately developed and is deemed waived. ***See Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534 (7th Cir. 1992)(a reviewing court need not devote its time to arguments raised in a very opaque manner).**

The argument also lacks merit. ALJs have a duty to develop a full and fair record. ***Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).** However, because Evanchik was represented by counsel during the administrative proceedings, the ALJ was entitled to assume that he presented his strongest case for an award of benefits. ***Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir.1987).** ALJs may exercise reasoned judgment in deciding how much information is needed to reach a determination. Speculation that additional information might have been obtained is insufficient. Evanchik must point to specific facts that were not brought out in the hearing. In other words, a significant omission is required before the Court will find that the administrative record is not full and fair. ***Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994); *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997).**

With respect to Evanchik's post traumatic stress disorder, Evanchik refers to a report prepared on June 13, 2001. On that date, a social worker described Evanchik's complaints and said that he reported a history of post traumatic stress disorder and described classic symptoms (R. 376). Evanchik also points out that he filed a subsequent application for disability benefits, which resulted in a favorable decision.

Neither the social worker's report nor the subsequent favorable decision reveal a significant omission in the administrative record. On the other hand, the record shows that the ALJ heard Evanchik describe nightmares and flashbacks, ordered a mental status evaluation, and

obtained copies of records reflecting Evanchik's physical and mental health treatment.  The ALJ considered the exhibits, identified post traumatic stress disorder as one of Evanchik's severe impairments, assessed the impact of psychological impairments on Evanchik's ability to function, and found that Evanchik was limited to simple 1 to 3 step work processes (R. 17, 21, 22, 24, 48-49, 188-446).  The ALJ fully and fairly developed the administrative record regarding the effects of Evanchik's post traumatic stress disorder.

Evanchik contends that the ALJ "did not give any weight" to medical records, "made no reference to the fact that the claimant suffered from PTSD" and "completely disregarded" testimony (Doc. No. 12, p. 8).  These remarks may challenge some other aspect of the ALJ's decision.  If so, that challenge is not sufficiently developed to warrant consideration.

As to the effects of Evanchik's hepatitis C, Evanchik suggests that the ALJ's discussion and the subsequent favorable decision reflects that the ALJ had a poor understanding of the disease process.  He points out that the disease may have been transmitted by blood and was possibly dormant for many years before it was diagnosed in 1996.

These statements do *not* reveal a significant omission in the development of the administrative record.  Evanchik may be challenging the ALJ's credibility assessment or some other aspect of the decision, but those arguments are not adequately developed and are deemed waived.

Any challenge to the ALJ's credibility assessment also lacks merit.  The ALJ discredited Evanchik's testimony regarding the severity of his limitations because Evanchik described limitations that were not supported by objective medical evidence, was not truthful regarding his alcohol abuse, and made contradicting statements regarding his ailments (R. 21). The ALJ was in the best position to observe Evanchik and judge the credibility of his testimony.  After reviewing the administrative record, this Court is not persuaded that the ALJ's credibility assessment

is patently wrong.  *See Knight v. Chater*, **55 F.3d 309, 315 (7th Cir. 1995).**

### C. § 405(g) Remand

Defendant argues that Evanchik is not entitled to a remand for consideration of new and material evidence.  Because Evanchik does not seek a remand for this purpose, the argument is not addressed.

### D. Conclusion

The Court hereby **AFFIRMS** the Commissioner's final decision denying Stephan P. Evanchik's April, 2000 applications for disability benefits and supplemental security income.  This appeal (request for judicial review of administrative action) having been fully resolved, the Clerk of Court now may close this case.

IT IS SO ORDERED.

Dated this 17th day of March, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge